MELINDA HAAG (SBN 132612)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MICHAEL T. PYLE (SBN 172954)
Assistant United States Attorney

   150 Almaden Blvd., Suite 900
   San Jose, California 95113
   Telephone:   (408) 535-5087
   Facsimile:   (408) 535-5081
   Email:   michael.t.pyle@usdoj.gov

Attorneys for Federal Defendant

Steven Bruce, Esq. (CBN 70300)
People With Disabilities Foundation
507 Polk Street, Suite 430
San Francisco, CA  94102
Tel (415) 931-3070
Fax (415) 931-2828
sbruce@pwdf.org

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TERRENCE DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,<br><br>    Defendant. | No. C 06-6108 EMC (NC) & No. C 09-980 EMC (NC)<br><br>**STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASES;** [PROPOSED] ORDER OF DISMISSAL |
| JOHN DOE,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,<br><br>    Defendant. | |

WHEREAS Plaintiff Terrence Davis ("Davis") filed a Fourth Amended Complaint on February 19, 2009, in U.S. Northern District of California, Case No. C 06-6108 EMC (NC), ECF No. 86 ("Davis Complaint"). In his Complaint, Davis asserts that the Social Security Administration ("SSA") has violated and continues to violate his rights under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"), by failing to provide him the ability to meaningfully participate in SSA's post-entitlement proceedings with respect to his benefits and payments under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 301 *et seq*. In this pleading and in his discovery responses, Plaintiff Davis specifically identified, among other things, alleged violations of Section 504 and SSA's implementing regulations with respect to SSA's oral communications and written communications with Plaintiff Davis. In this pleading, Plaintiff Davis has also alleged violations by SSA of the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").;

WHEREAS Plaintiff John Doe ("Doe") filed a First Amended Complaint on September 17, 2009, in U.S. Northern District of California, Case No. C 09-980 EMC (NC), ECF No. 32 ("Doe Complaint"), asserting that the Social Security Administration violated and continues to violate his rights under Section 504 by failing to provide him the ability to meaningfully participate in SSA's post-entitlement proceedings with respect to his benefits under Title II of the Social Security Act and SSA's post-eligibility proceedings with respect to his payments under Title XVI of the Social Security Act. In this pleading and in his discovery responses, Plaintiff Doe specifically identified, among other things, alleged violations of Section 504 and SSA's implementing regulations with respect to SSA's oral communications and written communications with Plaintiff Doe. Plaintiff Doe has also alleged violations by SSA of his due process rights under the Due Process Clause of the Fifth Amendment, U.S. Const. amend. V ("Due Process Clause") based on the same factual predicate.;

WHEREAS in a Federal Register Notice dated November 5, 2010, SSA stated that it was "conducting a self-evaluation of our policies and practices to ensure that they comply with section 504 and 45 CFR part 85," but this self-evaluation has not yet been completed. SSA's self-evaluation is not designed to address any particular individual's claims, but instead is

designed to evaluate, and recommend any appropriate changes, to SSA's policies and practices so that in the future SSA will ensure that it complies with Section 504 and 45 CFR part 85.

WHEREAS Defendant Michael J. Astrue, Commissioner of SSA, denies the allegations in the Davis Complaint and the Doe Complaint, and by entering into this Stipulation for Compromise Settlement and Releases ("Settlement Agreement"), does not admit liability to any of the allegations in Plaintiffs' Complaints filed in these actions. SSA, Plaintiff Davis, and Plaintiff Doe ("the Parties") hereby enter into this Settlement Agreement for the purpose of resolving all of Plaintiffs' claims without the need for further protracted litigation and without the admission of any liability.;

WHEREFORE, the Parties hereby agree to the terms of this Settlement Agreement, which provides as follows:

1. **Dismissal With Prejudice and Plaintiffs' Releases**: In consideration of the representations, promises, and agreements set forth herein, the sufficiency of which is hereby acknowledged, Plaintiffs Davis and Doe agree that by signing this Settlement Agreement they withdraw and dismiss with prejudice the lawsuits entitled *Terrence Davis v. Michael J. Astrue,* No. C 06-6108 and *John Doe v. Michael J. Astrue,* No. C 09-980 ("the Actions") and further agree, on their own behalf and on behalf of their representatives, assignees, heirs, executors, family members, beneficiaries, administrators, successors, and anyone acting, or claiming to act on their behalf, to hereby release and forever discharge SSA and its past and present commissioners, employees, agents, officials, contractors, and their representatives, from any and all claims and causes of action, known and unknown, asserted and unasserted, direct and indirect, and of any kind, nature or description whatsoever, arising out of the facts underlying the Actions. (SSA and its past and present commissioners, employees, agents, officials, contractors, and their representatives are defined as "the Released Parties"). Plaintiffs Davis and Doe shall forever be barred and enjoined from bringing or prosecuting any claim against any of the Released Parties unless it falls outside the scope of this release.

2. **Plaintiffs' Section 1542 Release**: The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiffs Davis and Doe, having been apprised of the statutory language of Civil Code Section 1542 by an attorney of their choosing, and fully understanding the same, nevertheless elect to waive the benefits of any and all rights they may have pursuant to the provision of that statute. Plaintiffs Davis and Doe understand that, if the facts concerning injuries or liability for relief pertaining thereto are found hereinafter to be other than or different from the facts now believed by either or both of them to be true, this Settlement Agreement shall be and remain effective notwithstanding such material difference.

3. **Limitations On Scope of Release**: The release contained in Paragraphs 1 and 2, above, does not release, and shall not be construed to release, (1) any of Plaintiffs' currently pending or future proceeding under SSA's administrative review process set forth in 20 C.F.R. §§ 404.900 & 416.1400 or (2) Plaintiffs' eligibility for benefits or payments from SSA.

4. **Provisions to Assist Plaintiffs**. In consideration of the dismissal with prejudice and releases in Paragraphs 1 and 2 of this Settlement Agreement, and limited by Paragraph 3, SSA agrees to the following terms with respect to Plaintiffs Davis and Doe.

   a. SSA shall assign employees of the SSA with expertise in the Title II program, Title XVI program, or both programs, to assist each of the Plaintiffs as follows (In this agreement such an employee is referred to as an "Assigned [Title II or Title XVI] [Backup] program expert."):

   i. SSA will assign to Plaintiff Davis a Title II program expert as his primary contact and an backup Title II program expert to assist him respecting Title II. These Assigned program experts shall work in the San Francisco Downtown Field Office 950, currently located at 90 Seventh Street, Annex First Floor, San Francisco, California 94103. These Assigned program experts will be available to meet with the professional of Plaintiffs' choice for up to three (3) hours, which is further described below in Paragraph 4.a.vi.

    ii.    SSA will assign to Plaintiff Doe two (2) program experts and two (2) backup assigned program experts to assist him as follows: (1) a primary contact Assigned Title II program expert and Assigned Backup Title II program expert to assist him respecting Title II; and a primary contact Assigned program expert and Backup Assigned program expert to assist him respecting Title XVI. These Assigned program experts and Backup Assigned program experts shall work in the San Francisco Mission Field Office 781, currently located at 1098 Valencia Street, San Francisco, California 94110. These Assigned program experts and Backup Assigned program experts will be available to meet with the professional of Plaintiffs' choice for up to three (3) hours, which is further described below in Paragraph 4.a.vi.

    iii.    Within five (5) business days of the Effective Date of this Settlement Agreement, if not before, SSA will provide Plaintiffs with the name and direct telephone number of each of the Assigned program experts and Backup Assigned program experts.

    iv.    Each Plaintiff shall be entitled to meet with his Assigned program expert(s) from time to time to discuss SSA's written or oral communications with that Plaintiff and to discuss relevant aspects of Title II and/or Title XVI. The Assigned program experts will be responsible for: 1) explaining SSA's communications with each Plaintiff and relevant aspects of Title II and/or Title XVI programs, such as work incentives; 2) providing assistance to each Plaintiff in responding to SSA's communications, including notices, letters, questionnaires, and other forms; and 3) preparing written summaries for each Plaintiff regarding the substance of the meeting between Plaintiff and the Assigned program expert(s) to the extent (a) any requests for further information or action by Plaintiff is requested at the meeting or (b) if Plaintiff requests such a written summary during the meeting. Summaries prepared pursuant to this provision shall be written in clear, concise language and shall, to the extent possible, score no higher than a sixth to eighth grade reading level using the readability test referenced in the current POMS NL 00610.020. The Assigned program expert shall mail to the Plaintiff the summary within two (2) business days after the day the meeting being summarized has been held. The Backup Assigned program experts shall be responsible for performing these responsibilities when the Assigned program expert is not available.

v. If a Plaintiff visits the Field Office without a prior appointment, the primary Assigned program expert will make reasonable efforts to meet with the Plaintiff that day. If the relevant primary Assigned program expert is not available, the Backup Assigned program expert will make reasonable efforts to meet with the Plaintiff that day. If neither the primary nor backup Assigned program expert is available, SSA will direct its staff to set up an appointment with the primary Assigned program expert as soon as practical. If the primary Assigned program expert will not be available for an extended period of time, the appointment shall be made with the Backup Assigned program expert. This directive will be accomplished via the flag message created pursuant to Paragraph 4.b, below.

vi. Each Assigned program expert and Backup Assigned program expert shall be available to meet with the professional(s) (e.g., therapists, independent living skills trainers) and/or family members of the relevant Plaintiff's choice for a single meeting of up to three (3) hours in length, with the date of the meeting to be agreed upon by the parties. These professional(s) may provide (1) information about the relevant Plaintiff's mental impairments, limitations, and/or symptoms, and (2) recommendations as to techniques that will assist in effective communication with the relevant Plaintiff.

vii. The parties anticipate that, at some future time, one (1) or more of the Assigned program experts or Backup Assigned program experts may be unable to fulfill his/her responsibilities under this Settlement Agreement. For example, the Assigned program expert may retire or may be promoted to a different position; alternatively, one or more of the Plaintiffs may move. In this event, SSA shall assign new Assigned program expert(s) or Backup Assigned program experts and shall be available to meet with the professional of the relevant Plaintiff's choice in accordance with Paragraph 4.a.vi. above. If the Backup Assigned program expert becomes the Assigned program expert, this meeting will not be required.

viii. If, at some juncture, Plaintiff Davis becomes eligible to receive Title XVI benefits, SSA shall assign a primary Title XVI Assigned program expert and Title XVI Backup Assigned program expert to Davis, with the duties and responsibilities set forth above. SSA shall

comply with Paragraph 4.a.vi above and shall modify its flag messages in accordance with Paragraph 4.b below.

        ix.    Should a Plaintiff fail to meet a deadline for reasons related to his mental impairment, a good cause waiver shall be liberally granted consistent with agency policy.

    b.    SSA shall include in the Visitor Intake Process ("VIP") Computer System a flag message that will appear whenever Plaintiffs check in at a VIP terminal, which is required for every visitor to any field office. This message shall state: "[Mr. Davis or Mr. Doe] is to receive special handling. Please review the MBR message for details."

        i.    SSA shall include in the Master Beneficiary Record ("MBR") and the Disability Control File ("DCF") the following message for Plaintiff Davis: "Due to mental impairments affecting his ability to communicate and per court order, you should not engage in substantive discussions with Mr. Davis. Instead, contact primary Assigned program expert [name] or Backup Assigned program expert [name]. If neither is available, set up an appointment time for Mr. Davis to meet with [name of primary Assigned program expert] within the next week. Provide Mr. Davis with a written document reflecting the appointment date and time."

        ii.    SSA shall include in the MBR and the DCF the following message for Plaintiff Doe: "Due to mental impairments affecting his ability to communicate and per court order, you should not engage in substantive discussions with Mr. Doe. If Mr. Doe's visit relates to Title II, contact primary Title II Assigned program expert [name] or Title II Backup Assigned program expert [name]. If the matter concerns Title XVI, contact primary Title XVI Assigned program expert [name] or Title XVI Backup Assigned program expert [name]. If the relevant staff are not available, set up an appointment time for Mr. Doe to meet with the applicable primary Assigned program expert within the next week. Provide Mr. Doe with a written document reflecting the appointment date and time."

        iii.    SSA shall create one (1) or more flag messages in the applicable Title II and Title XVI computer systems to direct staff responsible for generating written communications to Plaintiffs to include in any such communication whenever possible language

identifying the primary and backup Assigned program experts relevant to that written communication.

        iv. Should the agency cease using any of the computer systems reference in paragraph 4(b), these messages shall be added to the relevant computer system to the extent possible.

    c. SSA will cause notices to Plaintiffs to include an audio CD of the notice in addition to the written form of the notice. Audio CDs shall not be provided as to the summaries described in paragraph 4.a.iv.

    d. SSA will begin implementation of its obligations under Paragraph 4.a.vi, 4.b, and 4.c within ninety (90) days after the Effective Date of this Settlement Agreement.

5. **Attorneys Fees and Costs**. The parties agree that they will bear their own fees and costs with respect to Plaintiff Davis's FOIA claim and Plaintiff Doe's Due Process claim. In order to resolve Plaintiffs' claims under Section 504 of the Rehabilitation Act of 1973, SSA will cause the sum of Nine Hundred Thousand Dollars and No Cents ($900,000.00) to be paid to Plaintiffs' counsel in full settlement for any and all attorneys' fees and costs claimed by Plaintiffs. Payment will be made by wire transfer or other electronic means to a bank account to be designated in writing by Plaintiffs' counsel. Plaintiffs' counsel agrees to provide Defendant's counsel with information necessary to process the payment, such as Tax I.D. and banking information, within five business after the Effective Date of this Settlement Agreement.

6. **Effective Date and Term**. The terms of this Settlement Agreement shall become effective upon the date the Court enters the [proposed] Order in this Settlement Agreement (the "Effective Date"). SSA's obligation to comply with Paragraph 4 of this Settlement Agreement will remain in effect until April 30, 2026 for Plaintiff Davis and until June 30, 2033 for Plaintiff Doe. SSA's obligation to comply with Paragraph 4 of this Settlement Agreement will cease to be in effect with regard to Plaintiff Doe if he subsequently sues any of the Released Parties to seek declaratory or injunctive relief that differs from the provisions of Paragraph 4 of this Settlement Agreement, except to the extent such relief relates to physical limitations. SSA's obligation to comply with Paragraph 4 of this Settlement Agreement will cease to be in effect with regard to

Plaintiff Davis if he subsequently sues any of the Released Parties to seek declaratory or injunctive relief that differs from the provisions of Paragraph 4 of this Settlement Agreement, except to the extent such relief relates to physical limitations.

7. **No Admissions and No Use of Deposition Testimony**. The Settlement Agreement is the result of compromise and settlement and does not represent an admission by any party to any fact, claim, or defense in any issue in this lawsuit. The Settlement Agreement has no precedential value and shall not be cited in any other litigation except as necessary to enforce the terms of the Agreement as provided for in paragraph 16. The Parties agree that they will not use any deposition testimony from these Actions, except that Plaintiffs may use the deposition transcripts of their employers and treatment providers in any of Plaintiffs' currently pending or future proceeding under SSA's administrative review process set forth in 20 C.F.R. §§ 404.900 & 416.1400.

8. **Entire Settlement Agreement**. The Settlement Agreement represents the entirety of the Parties' commitments with regard to settlement. The Parties agree that any other prior or contemporaneous representations or understandings not explicitly contained in this Settlement Agreement, whether written or oral, are of no further legal or equitable force or effect.

9. **Anti-Deficiency Act**. Nothing in this Settlement Agreement shall be interpreted as, or shall constitute, a commitment or requirement that SSA obligate or pay funds, or take any other actions in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341 or any other applicable law.

10. **Change in Law**. A change in controlling law, including but not limited to an amendment to the Social Security Act, that is inconsistent with any term of this Settlement Agreement shall supersede and replace any term of this Settlement Agreement inconsistent with controlling law. If any party believes that a change in controlling law is inconsistent with any term of this Settlement Agreement, that party shall give notice to the other parties pursuant to Paragraph 11 of this Settlement Agreement. If the change in controlling law is claimed to be inconsistent with Paragraph 4 of this Settlement Agreement, then the exclusive forum for resolving any dispute about such claims is pursuant to Paragraph 16 of this Settlement Agreement.

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASES; [PROPOSED] ORDER
C 09-0980 EMC (NC); C 06-6108 EMC (NC)  9

11. **Notice**. Notice to any party regarding this Settlement Agreement or any of its provisions must be made in writing, must reference this Settlement Agreement and the case numbers of the cases brought by Plaintiffs Doe and Davis, and must be sent by U.S. Mail as set forth in this Paragraph. Any change in the person to whom notice should be given, as well as any change of address, must be sent by the party giving notice to every other party as set forth in this Paragraph, provided, however, that if Steven Bruce gives notice that he no longer represents Plaintiff Davis and/or Plaintiff Doe and no notice has been given of any different representative by form or by letter, SSA will give notice to the most current representative of Plaintiff Davis and/or Plaintiff Doe that is identified in SSA's records.

    a. Notice to SSA: Regional Chief Counsel, Office of General Counsel, Region IX, 160 Spear Street, Suite 800, San Francisco, California 94105, with a copy to: Civil Chief, United States Attorney's Office, Northern District of California, 450 Golden Gate Avenue, Box 36055, San Francisco, California, 94102.

    b. Notice to Plaintiff Davis: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, with a copy to Steven Bruce, 507 Polk Street, Suite 430, San Francisco, California, 94102.

    c. Notice to Plaintiff Doe: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ with a copy to Steven Bruce, 507 Polk Street, Suite 430, San Francisco, California, 94102.

12. **No Further Actions**. Plaintiffs will not file a complaint, administrative action, or civil action against any of the Released Parties with respect to the events underlying these actions or those that occurred prior to the Effective Date of this Settlement Agreement.

13. **No Severability**. If any provision of this Settlement Agreement is altered in any way by the Court or determined to be unenforceable by any court, then this Settlement Agreement shall be null and void and have no further effect.

14. **Meaningful Access**. Plaintiffs Davis and Doe agree that the terms of this Settlement Agreement provide them with meaningful access under Section 504 to all of SSA's work related matters, programs and benefits and that they do not require any additional accommodations for their disabilities beyond what is set forth in this Settlement Agreement. This paragraph is not

intended to apply to any accommodations Plaintiffs may request in the future due to physical limitations arising after the Effective Date of this Settlement Agreement.

15. **Modifications**. The parties reserve the right to modify this Settlement Agreement to address circumstances not presently anticipated. Any modification of this Settlement Agreement shall be made in writing and approved by SSA on the one hand, and Mr. Davis and/or Mr. Doe, on the other hand. Court approval of any such written modification shall not be required.

16. **Limited Enforcement**. The parties have agreed and request that this Court retain limited jurisdiction to enforce Paragraphs 4 and 5 of this Settlement Agreement, which jurisdiction is limited by the terms of this Paragraph. The procedures and remedies provided in this Paragraph are the exclusive procedures and remedies for alleged violations of this Settlement Agreement. In the event of a claimed breach of Paragraph 4 and/or 5 of this Settlement Agreement, the dissatisfied party shall provide the other party with written notice of the alleged breach and a request for negotiations. The parties shall confer to resolve the alleged breach within sixty (60) days after receipt of the notice, or such time thereafter as is mutually agreed upon. Notices under this Paragraph must be provided in accordance with Paragraph 11 of this Settlement Agreement.

The following enforcement provision applies to Plaintiff Davis through July 31, 2021 and applies to Plaintiff Doe through July 31, 2028 so long as this Settlement Agreement has not been rendered null and void or unenforceable: If the parties are unable to resolve the alleged breach within sixty (60) days after they have conferred, or such time thereafter as is mutually agreed upon, then any party may file a letter brief with the appropriate judge as described below, which shall (a) certify that the parties were unable to resolve the alleged breach and (b) briefly identify the nature of the alleged breach. The opposing party shall have ten (10) business days to file a response to the letter brief. After the filing of a letter brief and the response, the appropriate judge shall re-open the dismissed Action(s) for the sole purpose of resolving the alleged breach of Paragraph 4 or 5 of this Settlement Agreement and the appropriate judge shall have the full authority and the sole authority to judicially resolve this issue. The appropriate judge's authority notwithstanding, the parties waive any right any of them might have to seek (a) any remedy other than an order compelling compliance with Paragraph 4 or 5 of this Settlement Agreement and/or

(b) sanctions, contempt, and/or any other relief of a punitive or monetary nature. The appropriate judge shall be Elizabeth D. Laporte; should Judge Laporte cease to be a judge for the United States District Court, Northern District of California, then the appropriate judge shall be Edward M. Chen; should Judge Chen cease to be a judge for the United States District Court, Northern District of California, then the appropriate judge shall be an Article III judge assigned by the proper official at the United States District Court, Northern District of California.

17. **Authorization**. The parties certify that each is fully authorized to agree to the terms and conditions of the Settlement Agreement and to legally bind such parties to it.

Dated: June 18, 2012

Dated: June 18, 2012

_____
Plaintiff Terrence Davis

Dated: June 8, 2012

_____
STEVEN F. BRUCE
Attorney for Plaintiffs

Dated: June 15, 2012

_____
DAVID RUST
Social Security Administration
Deputy Commissioner for Retirement and Disability Policy

Dated: June 18, 2012

MELINDA HAAG
United States Attorney

_____
MICHAEL T. PYLE
Assistant United States Attorney
Counsel for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED:

DATED: 6/19/12, 2012

_____
HON. EDWARD M. CHEN
United States District Judge

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASES; [PROPOSED] ORDER
C 09-0980 EMC (NC); C 06-6108 EMC (NC)                12